IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:22-cv-00027-MR

| | |
|---|---|
| NICHOLAS MONROE-WILLIAMS,[1] ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FNU CLAWSON, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 8].

I.    **BACKGROUND**

The pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983[2] in the United States District Court for the Eastern District of North

---

[1] According to the North Carolina Department of Public Safety's (NCDPS) website, the Plaintiff's name is Nicholas M. Williams. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1562264&searchOffenderId=1562264&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last visited March 11, 2022); Fed. R. Evid. 201.

[2] The Plaintiff cites Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) for the basis of this lawsuit, but it is liberally construed as an action pursuant to 42 U.S.C. § 1983 because the Defendant is an employee of NCDPS, and not of the federal government. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (instructing courts to construe pro se documents liberally).

Carolina addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he is still incarcerated. The Eastern District Court granted the Plaintiff's Application to proceed in forma pauperis on November 22, 2021. [Doc. 8]. On March 11, 2022, the Eastern District Court transferred the action to this Court, where venue is proper, without having reviewed the Complaint for frivolity. [Doc. 9 (citing 28 U.S.C. §§ 1391(b), 1404(a), 1406(a))]. The Complaint is now before the Court for initial review.

The Plaintiff names as the sole Defendant in his official and individual capacities FNU Clawson, a sergeant on restrictive housing at Alexander CI. [Doc. 1 at 3]. The Plaintiff alleges as follows *verbatim*:

> On 8-22-21 at approximately 8:34 pm I fell in the shower and hurt my back twenty minutes later Serg Clawson and four other CO's came to the shower and seen me on the floor. Serg Clawson and four other CO's laughed and tossed soap on me while I was laying on the floor ten minutes later three CO's came in the shower and put me in full restraints. Now that I'm in full restraints Serg Clawson kicked me on the side of my face with full force (the side of my face, my lip was bleeding my right side of my face was swole for a whole week) and said "you wanted the serg I'm here now I'll teach you not to do this on my shift" he busted my lip wide open I was bleeding so bad they turn the cold shower on me while I was in full restraints. When Serg Clawson was leaving out he said "this'll show you not to fuck with me on my shift." I'm mental health level 3 I suffer from anxiety. Since that event I been have nightmares about that night and every time his shift works I'm scare and fear for my life. I have waitness that heard Serg Clawson say what he said. His intent was "maliciously" and "sadistically" to cause harm. He had no need for force which is "legitimate penological purpose" and my Eighth Amendment right's was violated.

[Doc. 1 at 4-5]. The Plaintiff seeks compensatory damages and a jury trial. [Doc. 1 at 1, 6].

## II.  STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

3

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a). These allegations cannot proceed and are dismissed. See, e.g., Shine v. Charlotte Mecklenburg Police Dep't, No. 3:17-cv-306-FDW, 2018 WL 2943456 (W.D.N.C. June 12, 2018) (dismissing as nullities the allegations against individuals not named as defendants in the caption as required by Rule 10(a)).

The Plaintiff purports to sue the Defendant, who is a state official, in his individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Dep't of State Police, 491 U.S. 58, 71 (1989). Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder. Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019). Furthermore, the Eleventh Amendment bars suits for monetary damages

4

against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, the Plaintiff's claims against the Defendant in his official capacity does not survive initial review and will be dismissed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component – that the harm inflicted was sufficiently serious – and a subjective component – that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. A supervisor can be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the

alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994).

Taking the allegations as true for the purposes of initial review, and construing all inferences in the Plaintiff's favor, the Court finds that the Plaintiff has stated a claim for the use of excessive force against Defendant Clawson that is sufficient to pass initial review.[3]

## IV. CONCLUSION

In sum, the Complaint has passed initial review against Defendant Clawson for the use of excessive force in his individual capacity. The claims against Defendant Clawson in his official capacity are dismissed with prejudice. To the extent that the Plaintiff attempted to assert additional claims, they are dismissed without prejudice.

---

[3] It does not appear that the Plaintiff is seeking to assert claims of deliberate indifference to a serious medical need or retaliation. However, even if he intended to do so, those claims would be dismissed. The Plaintiff has not alleged that he had an objectively serious medical need to which Defendant Clawson was subjectively deliberately indifferent. See Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (deliberate indifference requires a showing that the defendant actually knew of and disregarded a serious need for medical care). Nor do the conclusory allegations sufficiently allege that Defendant Clawson took an adverse action that was causally related to the Plaintiff's exercise of a protected First Amendment activity. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (bare or conclusory allegations of retaliation are insufficient).

In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Clawson, who is alleged to be a current or former employee of NCDPS.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The Complaint [Doc. 1] has passed initial review against Defendant Clawson for the use of excessive force in his individual capacity.

(2) The Plaintiff's claims against Defendant Clawson in his official capacity are **DISMISSED WITH PREJUDICE**.

(3) To the extent that the Plaintiff attempted to state any additional claims, they are **DISMISSED WITHOUT PREJUDICE.**

(4) The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Clawson, who is alleged to be a current or former employee of NCDPS.

7

Case 5:22-cv-00027-MR   Document 12   Filed 03/16/22   Page 7 of 8

The Clerk is respectfully instructed to mail Plaintiff an Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW and a copy of this Order.

**IT IS SO ORDERED**.

Signed: March 16, 2022

Martin Reidinger
Chief United States District Judge