# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:22-cv-00027-MR

| | | |
|---|---|---|
| NICHOLAS MONROE-WILLIAMS,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| JEFFREY CLAWSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on the Defendant's Motion to

Dismiss All Claims for Failure to Exhaust Administrative Remedies [Doc. 19].

## I.    BACKGROUND

The Plaintiff, proceeding pro se, filed this action pursuant to 42 U.S.C.

§ 1983[2] addressing an incident that allegedly occurred while he was

incarcerated at the Alexander Correctional Institution.  [Doc. 1: Complaint].

The unverified Complaint passed initial review against Defendant Clawson,

---

[1] According to the North Carolina Department of Public Safety's ("NCDPS") website, the Plaintiff's name is Nicholas M. Williams.  [See Doc. 12: Order on Initial Review at 1 n.1].

[2] The Plaintiff cites Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) for the basis of this lawsuit; however, the Court liberally construed this as an action pursuant to 42 U.S.C. § 1983 because the Defendant is an employee of NCDPS, not the federal government.  [See Doc. 1: Complaint at 2; Doc. 12: Order on Initial Review at 1 n.2].

a correctional sergeant, for the use of excessive force.  [Doc. 12: Order on Initial Review].

Defendant Clawson has now filed a Motion to Dismiss.  [Doc. 19: MTD]. The Court notified the Plaintiff of the opportunity to respond to the Defendant's Motion and cautioned him that the failure to do so may result in the Defendant being granted the relief that he seeks.[3]  [Doc. 22: Roseboro[4] Order].  The Plaintiff has not responded, and the time to do so has expired. This matter is ripe for adjudication.

## II.     DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a § 1983 action.  42 U.S.C. § 1997e(a).  The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id.  The PLRA's exhaustion requirement applies to all inmate

---

[3] In an abundance of caution, the Court further notified the Plaintiff that the Motion to Dismiss may be converted to a Motion for Summary Judgment because the Defendant filed exhibits in support of his Motion.  [Doc. 23: Supplemental Roseboro Order].  The Plaintiff did not respond, submit any evidence in opposition to the Motion, indicate that discovery is required at this juncture, or specify any reasons that he cannot oppose the Motion.

[4] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

2

suits about prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). There is "no question that exhaustion is mandatory under PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The PLRA requires "proper" exhaustion, which means "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Because the exhaustion of administrative remedies is an affirmative defense, defendants have the burden of pleading and proving the lack of exhaustion. Jones, 549 U.S. at 216. It is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a § 1983 action; rather, he must fully exhaust all steps of the administrative remedy process *before* filing his lawsuit. See Porter, 534 U.S. at 516; Germain v. Shearin, 653 F. App'x 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011).

The NCDPS has established a three-step procedure governing submission and review of inmate grievances, which it refers to as the Administrative Remedies Procedure ("ARP"). Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); see N.C. Gen. Stat. § 148-11A; [Doc. 21-1: MTD Ex.

A (ARP)]; Fed. R. Evid. 201 (addressing judicial notice). An inmate does not exhaust his administrative remedies with NCDPS until he completes all three steps of the ARP. See Moore, 517 F.3d at 721; [Doc. 21-1: MTD Ex. A (ARP at § .0310(c)(6) ("The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Public Safety shall constitute the final step of the [ARP].")].

Here, the Complaint form's exhaustion section asks whether the prisoner filed a grievance concerning the facts relating to the complaint, then it asks: "Is the grievance process completed? Yes/ No" and "If no, explain why not." [Doc. 1: Complaint at 6]. As to the first question, the Plaintiff checked "Yes" that he filed a grievance. [Id.]. As to the second question, the Plaintiff appears to have checked "No" regarding grievance completion, but that response was crossed out and he checked "Yes." [Id.]. Despite his affirmative response, he filled out the section explaining why the grievance process was not completed, stating: "I know it went past Step 2 and went to Step 3 to investigate what happen from there I don't know I haven't heard from them yet about the investigation." [Id.].

The Defendant argues that the Plaintiff failed to exhaust all three steps of the ARP before filing this lawsuit and that there is no excuse for failing to do so, such as unavailability of the ARP. [Doc. 20: MTD Memo]. In support

4

of his Motion, the Defendant has filed the Plaintiff's Step One grievance, dated September 2, 2021, addressing the use of force incident. [Doc. 21-2: MTD Ex. B at 1 (Grievance)]; see Philips v. Pitt County Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (when ruling on a motion to dismiss, courts may consider documents attached to the complaint or the motion to dismiss without converting the motion to dismiss into a motion for summary judgment "so long as they are integral to the complaint and authentic."). In it, the Plaintiff complains that Defendant Clawson used excessive force against him maliciously and sadistically while the Plaintiff was in full restraints on August 22, 2021. [Id.]. To resolve the grievance, the Plaintiff sought compensatory damages and to be in protective custody. [Id.]. The September 9, 2021 Step One Response by April H. Parker states: "Incident Report 4870-21-1002 has been assigned to investigate your alleged use of force, that you state occurred on 8/22/21." [Doc. 21-2: MTD Ex. B. at 2 (Step One Response)]; see NCDPS Policy & Procedure § F.1503(j) ("If an offender complains of a use of force and the use of force was not reported, the Officer-In-Charge will investigate…."); Fed. R. Ev. 201. The Plaintiff signed the Step One Response the same day it was issued, indicating his agreement with the

5

grievance response and declining to appeal to Step Two.[5]  [Doc. 21-2: MTD

Ex. B. at 2 (Step One Response)].  He filed the Complaint in the instant case

39 days later on October 18, 2021,[6] at which point he had not heard anything

about the investigation.  [Doc. 1: Complaint at 6].

The Defendant has shown that the Plaintiff filed a grievance

addressing the use of force, but that the Plaintiff did not pursue Step Two or

Step Three appeals to fully exhaust the ARP.  The Plaintiff has not submitted

any sworn statements or evidence to support his conclusory contention that

he appealed the use of force incident to Step Three, nor does he attempt to

explain his failure to do so.[7]  As such, this action must be dismissed without

---

[5] The Defendant has also filed a Memorandum from Kimberly D. Grande, the executive director of the Inmate Grievance Resolution Board, to the North Carolina Department of Justice.  However, that Memorandum is unverified and therefore will not be considered here.  [See Doc. 21-3: MTD Ex. C (Grande Memorandum)].

[6] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[7] For instance, the Plaintiff does not argue that the Step One Response was a favorable determination on the merits of his grievance such that he was excused from appealing to Steps Two and Three.  See, e.g., Toomer v. BCDC, 537 F. App'x 204, 206 (4th Cir. 2013) ("After receiving a favorable outcome on the merits of his grievance at a lower step in the process, [the inmate] was not obligated to pursue an administrative appeal to Step III in order to exhaust his administrative remedies.")  (unpublished).  Nor does he argue that the ARP was unavailable to him.  See, e.g., Ross v. Blake, 578 U.S. 632, 642 (2016) (holding that a prisoner is not required to exhaust if administrative remedies are "unavailable.").

prejudice.  See Harris v. Midford, 2011 WL 1601446 (W.D.N.C. April 27, 2011).  The Court will, therefore, grant the Defendant's Motion to Dismiss.

## III.  CONCLUSION

For the reasons stated herein, the Court will grant Defendant's Motion to Dismiss, and this case will be closed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss All Claims for Failure to Exhaust Administrative Remedies [Doc. 19] is **GRANTED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: January 3, 2023

Martin Reidinger
Chief United States District Judge

7